WARNER, J.
Appellant challenges the summary denial of a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 after having been found to have violated his probation for DUI manslaughter. He raises four issues, two of which we address: (1) whether counsel was ineffective in failing to object to the scoring of victim injury points for a victim not named in the information; and (2) whether the record conclusively shows that appellant was given the correct jail credit. We reverse on both issues.
Appellant was convicted, based on a plea, in 1991 of DUI manslaughter. He was sentenced to two years community control, with a special condition of one year in county jail, followed by thirteen years probation. In 2000, appellant pled guilty to an allegation that he violated his probation and was sentenced to seven years in prison. He did not file an appeal.
In October 2001, appellant filed a motion for postconviction relief, raising four grounds, two of which we address. He claimed counsel was ineffective because he failed to object to (1) the imposition of an incorrect amount of victim injury points because there was only one victim and not two and (2) an incorrect calculation of jail time credit.
With respect to the victim injury points claim, appellant was charged with, and pled guilty to, one count of DUI manslaughter of Christine Locket. The information did not contain any additional counts for other crimes, such as a violation of section 316.193(3)(c)(2), Florida Statutes (1989), DUI causing serious bodily injury. In sentencing him for violating probation, the scoresheet included forty-two points for victim injury. The rule 3.988(a) Category 1 scoresheet applicable to this case provides for the assessment of twenty-one points for victim injury amounting to death or serious injury. However, the points included indicate that the court scored two victims injured or lolled. The record does not reflect that counsel objected. In its response to appellant’s motion for postcon-viction relief, the state provided the trial court with an excerpt from the investigating officer’s deposition indicating that two women were in the vehicle which appellant hit, each losing consciousness. Based upon this excerpt, the court determined that the points had been properly included.
*293 We conclude that the record does not conclusively refute appellant’s claim. There was only one count of DUI manslaughter charged. Therefore, there is nothing in the information to suggest additional victims. The deposition excerpt was not made part of the trial court record before being supplied in the state’s response, and the trial court should not have relied upon this non-record submission to summarily deny appellant’s motion. Moreover, it does not establish the second woman’s injuries as a result of the incident, or the severity of her injuries. As the sentence was the result of a plea, appellant may have agreed to the inclusion of these additional victim injury points, but nothing in the record demonstrates this either. An evidentiary hearing is necessary to determine this issue. See Cammilleri v. State, 779 So.2d 551, 551 (Fla. 2d DCA 2001).
Likewise, as to the jail credit issue, appellant claimed 397 days of jail credit but was awarded only 239 days. In its order denying this claim, the trial court attached the jail records the state provided in its response to appellant’s motion. These records do not appear to have been made part of the record at the sentencing proceeding. The attachments give no indication from where they came or who made them. Therefore, the trial court should not have relied on them to deny postcon-viction relief without an evidentiary hearing.
As to the other two claims appellant made, the trial court correctly denied relief.
Reversed and remanded for an eviden-tiary hearing consistent with this opinion.
KLEIN and HAZOURI, JJ., concur.